```
ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

Attorney for Plaintiff Tigran Gevorgyan
```



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIGRAN GEVORGYAN, an individual,<br><br>**Plaintiff,**<br><br>vs.<br><br>ACCOUNT RESOLUTION, A California Company<br><br>CACH LLC/COLLECT AMERICA, A Colorado Limited Liability Company<br><br>MIDLAND CREDIT MANAGEMENT, INC A Kansas Corporation<br><br>RIVERWALK HOLDINGS, LP, A Texas Limited PARTNERSHIP<br><br>**Defendants.** | CASE No.:  CV12-04429<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;<br>2) CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>3) FEDERAL FAIR CREDIT REPORTING ACT;<br>4) CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**DEMAND FOR JURY TRIAL**<br><br> |

NOW COMES Plaintiff Tigran Gevorgyan (hereinafter "Plaintiff") through his attorney on record and brings this Complaint against ACCOUNT RESOLUTION (hereinafter "ACCOUNT"), CACH, LLC/COLLECT AMERICA (hereinafter "CACH"), MIDLAND CREDIT MANAGEMENT, INC ("hereinafter "MIDLAND") and RIVERWALK HOLDINGS, LP (hereinafter "RIVERWALK"), ollectively known as DEFENDANTS, for violations of

COMPLAINT FOR DAMAGES- 1

Federal and State consumer protection laws, including the Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA") and alleges as follows:

## PRELIMINARY STATEMENT

1. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

4. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C.

§1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

5. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

8. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to

the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

9. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

10. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

11. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

12. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

13. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the

COMPLAINT FOR DAMAGES- 4

CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I. JURISDICTION AND VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

15. Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

16. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF ACTION

1. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

2. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

3. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

4. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

5. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendants' furnisher's liability under this section, since Plaintiff made his initial disputes with the Credit Reporting Agencies.

6. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

### III. THE PARTIES

7. Plaintiff Gevorgyan is a natural person, an individual residing in Los Angeles County, State of California.

8. Plaintiff is a consumer as defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

9. Defendant "ACCOUNT" is a California Company, registered and conducting business in the State of California.

10. Defendant "CACH" is a Colorado Limited Liability Company, **NOT** registered and conducting business in the State of California.

11. Defendant "MIDLAND" is a Kansas Corporation, registered and conducting business in the State of California.

12. Defendant "RIVERWALK" is a Texas Limited Partnership, registered and conducting business in the State of California.

13. Defendants are debt collectors as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

14. Plaintiff and Defendants are each a person as defined in California Civil Code §1788.2(g), 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

15. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as

set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

    a. Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;

    b. Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

    c. Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendant;

    d. Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

    e. Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

    f. Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

16. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants were expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

17. Plaintiff who is not a minor alleges that the following events and actions taken by Defendants occurred within the past one year.

18. In or around December 15, 2011 Plaintiff discovered through a credit review conducted with the three major Credit Reporting Agencies, Experian, Equifax and TransUnion (collectively "CRAs") that Defendants had reported collections accounts in his name, alleging

Plaintiff was in debts with them.

19. Defendants had failed to provide Plaintiff dunning notices of debts or inform of the negative credit reporting, thereby depriving Plaintiff of his right to a dispute and validation request for the alleged debts and his right to a fair and accurate credit reporting.

20. On or about December 15, 2011 Plaintiff sent letter of dispute to CRAs, requesting investigation and verification of the collection accounts reported by Defendants, otherwise their prompt and permanent deletion from Plaintiff's credit bureau reports.

21. On or about January 05, 2012 after initiating his disputes with CRAs, Plaintiff sent letters of dispute and a validation request to Defendants directly, requesting documentation validating the alleged debts, otherwise their prompt and permanent deletion from Plaintiff's credit bureau reports.

22. Defendants failed to answer to Plaintiff's debt validation requests, failed to cease collection activities and credit reporting upon receipt of Plaintiff's disputes, and failed to inform the CRAs that the accounts were in dispute. Yet, within days of the credit bureau disputes, the CRAs claimed that Defendants verified the accounts as accurate to them.

23. On or about February 07, 2012 Plaintiff sent a follow up request to Defendants addressing their lack of validation or alternatively, the closing and deletion of the disputed collection accounts and the alleged debts.

24. Following Plaintiff's follow up notice and request, Defendants again failed to provide proper response or take appropriate corrective actions.

25. On or about February 27, 2012 Plaintiff sent Defendants notices of their violations with regards to the reporting of the unverified alleged debts and failure to validate the accuracy of such debts. Plaintiff's communication was sent in an effort to get Defendants' cooperation and resolve the situation amicably.

26. Despite Plaintiff's efforts to date, Defendants have failed to properly address his disputes and requests, have failed to validate the alleged debts or cease further collection of the unverified debts. Defendants continue to maintain the unverified accounts on Plaintiff's credit record.

27. Due to the inaccurate credit reporting and Defendants' prolonged noncompliance in resolving the situation Plaintiff has suffered emotional and financial distress. Specifically, as a result of Defendants' conducts, Plaintiff has suffered:

   a. Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

   b. Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;

   d. Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

## COUNT I
## Violations of FDCPA

28. Plaintiff repeats and reincorporates by reference the above paragraphs.

29. Defendants knowingly and willfully violated the FDCPA by:

   a) Failing to provide dunning notices of debts and written notices of Plaintiff's right to request validation of debts along with information about the alleged debts, including the name and contact information of the original creditors pursuant to 15 U.S.C. §1692g(a);

   b) Failing to cease collection activities and continuing to make collection efforts on the alleged debts without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

   c) Failing to properly validate the alleged debts pursuant to 15 U.S.C. §1692g(b);

   d) Using false representations and deceptive means to collect or attempt to collect the alleged debts pursuant to 15 U.S.C. §1692e;

   e) Using unfair or unconscionable means to collect or attempt to collect the alleged

debts pursuant to 15 U.S.C. §1692f.

## COUNT II
### Violations of RFDCPA

30. Plaintiff repeats and reincorporates by reference the above paragraphs.

31. Defendants knowingly and willfully violated RFDCPA by:

a) Using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debts pursuant to California Civil Code §1788.17.

## COUNT III
### Violations of FCRA

32. Plaintiff repeats and reincorporates by reference the above paragraphs.

33. Defendants knowingly and willfully violated the FCRA by:

a) Furnishing inaccurate/unverified information to the CRAs pursuant to 15 U.S.C. §1681s-2 (a);

b) Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing collection accounts to the CRAs pursuant to 15 U.S.C. §1681s-2 (a)(7)(A);

c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's disputes pursuant to 15 U.S.C. §1681s-2 (a)(8)(E);

d) Verifying the disputed accounts with the CRAs prior to conducting thorough investigation and without having substantiating support for such verifications;

e) Reporting disputed information to the CRAs, without notice of Plaintiff's disputes, during the investigation period and prior to providing verification of accuracy pursuant to 15 U.S.C. §1681s-2 (a)(3);

f) Continuing to report unverified information to the CRAs after lack of responses and verifications.

## COUNT IV

### Violations of CCRAA

34. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

35. Defendants knowingly and willfully violated CCRAA by:

   a) Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff pursuant to California Civil Code §1785.26(b);

   b) Continuing to report the collection accounts to the CRAs, upon receipt of Plaintiff's disputes and during the investigation periods, without notices that the accounts have been disputed by Plaintiff pursuant to California Civil Code §1785.25(c);

   c) Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results pursuant to California Civil Code §1785.30.

### PRAYER FOR RELIEF

36. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

37. Plaintiff contends that the Defendants' actions constituted willful violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendants for:

1. Actual damages, per 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a), 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.31(a)(2)(A);

2. Statutory damages, per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b), and 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.19(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure

§490.020;

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to cease collection activities and delete the reporting of the unverified accounts and debts;

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

7. Any other relief as this Honorable Court deems appropriate.

DATED: April 22, 2012

Respectfully submitted,

By: _____

Arshak Bartoumian, attorney for Plaintiff

I, Tigran Gevorgyan, have suffered from the following due to, or made worse by, the actions of the Defendants' debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms I believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____
_____.

Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/22/2012

_____
Signed Name

Tigran Gevorgyan
Printed Name